[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10799
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00186-RH-GRJ

WILLIAM JAMES SISKOS,

                                                            Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 4, 2020)

Before WILLIAM PRYOR, Chief Judge, LAGOA, and ANDERSON, Circuit
Judges.

PER CURIAM:

William Siskos, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his third amended civil rights complaint for failure to state a viable claim for relief after the Florida Department of Corrections ("FDOC") moved to dismiss.  On appeal, Siskos argues that the district court erred in its conclusions that (1) he failed to state viable claims under the Americans with Disabilities Act[1] ("ADA") and Rehabilitation Act of 1973[2] ("RA") based on FDOC's filing of a response in opposition to Siskos's then-pending petition for habeas corpus under 28 U.S.C. § 2254, and its imprisonment of him despite his mental health issues; (2) he failed to state a viable claim under the Eighth Amendment based on FDOC's imprisonment of him; (3) his claims regarding his competency in his underlying criminal proceedings and his due process challenge to his conviction were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); (4) the State of Florida ("State") was not properly joined as a defendant in his third amended complaint; (5) he failed to show a causal link for his claim that FDOC retaliated against him for exercising his First Amendment right to file a § 2254 petition by placing him in disciplinary lockdown; and (6) his claims for money damages against FDOC, the State, and the Florida Attorney General ("Florida AG") were barred under the Eleventh Amendment.

---

[1] 42 U.S.C. § 12101 et seq.

[2] 29 U.S.C. § 794.

A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Fed. R. Civ. P. 12(b)(6) (providing for dismissal if a complaint fails to state a claim upon which relief can be granted). A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo*, viewing the allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's allegations must amount to "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Additionally, an action is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted).

Moreover, while *pro se* pleadings must be liberally construed, issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874

3

(11th Cir. 2008). And arguments raised for the first time on appeal are deemed waived. *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).

Section 1983 of Title 42 of the U.S. Code creates no substantive rights, but merely provides a remedy for deprivations of federal and constitutional rights. *Almand v. DeKalb Cty., Ga.,* 103 F.3d 1510, 1512 (11th Cir. 1997). To prevail on a civil rights action under § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

The Eleventh Amendment to the U.S. Constitution provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This amendment has been interpreted to bar suits against a state by citizens of that state, or citizens of another state, absent express consent by the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override the states' Eleventh Amendment immunity; instead, a federal court's remedial power in such actions brought against a state is limited to prospective injunctive relief. *Quern v. Jordan*, 440 U.S. 332, 338, 342 (1979).

A § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Although *Heck* involved a prisoner seeking money damages, the Supreme Court later clarified that a prisoner "cannot use § 1983 to obtain relief where success would necessarily demonstrate the invalidity of confinement or its duration," even if the prisoner is seeking injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 74-75, 81 (2005) (emphasis omitted).

Additionally, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Conversely, "a [§] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Under Title II of the ADA, public entities are prohibited from discriminating against individuals with disabilities or denying them services because of their disabilities. *See* 42 U.S.C. § 12132. To state a claim of discrimination under Title

5

II, a claimant must prove (1) that he is a qualified individual with a disability and (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was otherwise discriminated against by the public entity (3) due to the claimant's disability. *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Public entities may be liable for a failure to make a reasonable modification. *See id.* at 1085-86. Public entities must make reasonable modifications to their policies, practices, or procedures when necessary to avoid discrimination on the basis of a disability unless making the modifications would "fundamentally alter the nature" of the services, programs, or activities. 28 C.F.R. § 35.130(b)(7). State prisons are public entities for purposes of the ADA. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). Whether a modification is reasonable is a fact specific inquiry that depends on the particular circumstances of the case. *Bircoll*, 480 F.3d at 1085-86. Public entities can be liable for damages under Title II of the ADA if the discriminatory conduct also independently violates the Fourteenth Amendment. *United States v. Georgia*, 546 U.S. 151, 157-59 (2006). The standard for determining liability under the RA is the same as the standard under the ADA. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

To state a First Amendment retaliation claim, a plaintiff must allege facts supporting a plausible finding that (1) his speech or act was constitutionally

protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there was a causal connection between the retaliatory actions and the adverse effect on speech. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). As to the last element, the plaintiff's allegations must support a plausible finding that the defendant was "subjectively motivated to discipline because [the plaintiff] complained of some of the conditions of his confinement." *Id.* at 1278.

Under the Eighth Amendment, state actors are prohibited from inflicting cruel and unusual punishment. *Bass v. Perrin*, 170 F.3d 1312, 1316 (11th Cir. 1999). Cruel and unusual punishment includes the "unnecessary and wanton infliction of pain," such as punishments that are "totally without penological justification." *Id.* (quotation marks omitted). Courts make this determination by considering whether prison officials acted with deliberate indifference to the prisoner's health or safety. *Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002).

To state a deliberate indifference claim in violation of the Eighth Amendment, a prisoner must allege facts supporting a plausible finding that (1) he had an objectively serious medical need that posed a substantial risk of serious harm if left unattended; (2) the defendant was deliberately indifferent to that need; and (3) the indifference caused the prisoner's injury. *Gilmore v. Hodges*, 738 F.3d 266, 273-74 (11th Cir. 2013). An official is deliberately indifferent if he or she

(1) knew of a risk of serious harm and (2) disregarded the risk (3) through conduct that was more than grossly negligent. *Id.* at 274.

As an initial matter, Siskos has waived any argument that the State was not properly joined as a defendant by failing to raise that argument before the district court. *See Ledford*, 657 F.3d at 1258. We address Siskos's challenges based on the factual basis of each claim.

### FDOC's § 2254 Response

First, as to Siskos's claims stemming from FDOC's response to his § 2254 petition, the district court did not err by concluding that he failed to state a viable claim under the ADA. Even assuming that Siskos sufficiently alleged that he is a qualified individual with a disability, he failed to allege facts supporting a finding that FDOC excluded him from participation in prison services, denied him the benefits of prison services, or otherwise discriminated against him based on his mental illness. *See Bircoll*, 480 F.3d at 1083. Moreover, Siskos's contention that FDOC's advocacy—namely, requesting that his § 2254 petition be denied— amounts to discrimination is frivolous. *See Napier*, 314 F.3d at 531.

Additionally, Siskos's First Amendment retaliation claim is likewise without merit. While Siskos's filing of a § 2254 petition was constitutionally protected, Siskos did not plausibly allege that FDOC's filing of a response adversely affected his § 2254 proceedings or hindered his ability to seek relief under § 2254. *See*

*Smith*, 532 F.3d at 1276.  Moreover, Siskos failed to sufficiently allege a causal connection between the § 2254 action and any adverse effect he suffered in prison, such as being placed in disciplinary lockdown, because he did not show that FDOC was motivated to discipline him for challenging some of the conditions of his confinement in his § 2254 petition.  *See id.*  Specifically, as the district court correctly noted, Siskos did not allege that the individual FDOC officers who placed him on disciplinary lockdown were aware of his § 2254 petition or that they were motivated to discipline him as a result.

### *Challenges Related to Siskos's Imprisonment*

Second, the district court did not err by concluding that Siskos failed to sufficiently allege a deliberate indifference claim under the Eighth Amendment.  It is not cruel and unusual punishment merely to be imprisoned for a crime after conviction.  In other words, Siskos did not allege—and cannot plausibly allege— that his imprisonment was "totally without penological justification."  *See Bass*, 170 F.3d at 1316.  And as the district court noted, FDOC had no authority to release Siskos into the custody of a residential treatment facility.

Siskos's ADA and RA claims based on FDOC's alleged failure to release him are also without merit because Siskos cannot show that releasing him into a residential treatment facility is a reasonable accommodation for his mental illness. Requiring FDOC to release Siskos into the custody of a residential treatment

facility, an action for which it has no authorization or protocols to follow, would "fundamentally alter the nature" of FDOC's imprisonment services. *See* 28 C.F.R. § 35.130(b)(7).

***Challenges Related to Siskos's Convictions***

Third, Siskos's remaining challenges, including his claims that he was denied a competency evaluation and that his resulting conviction violated his due process rights, are barred by *Heck*, as the district court properly concluded. Contrary to Siskos's contentions, there is no "immunity" from the *Heck* bar available to him based on his alleged incompetence. While Siskos asserts that a challenge to his lack of a competency evaluation would not necessarily undermine the validity of his convictions, Siskos alleged in his third amended complaint that he was not competent during his trial proceedings. Accepting that allegation as true, as the district court properly did, success on his competency claim in this action would necessarily implicate the validity of his convictions because, in that case, his convictions would necessarily rest on constitutionally faulty proceedings. Thus, because Siskos did not allege that his convictions have been invalidated, his competency challenges are barred by *Heck*. *See Heck*, 512 U.S. at 486-87. Similarly, a successful due process challenge to Siskos's criminal proceedings would necessarily implicate the validity of his convictions and, thus, is also barred by *Heck*. *See id.*

To the extent that Siskos's challenges could be construed as challenges to the fact of his imprisonment, those challenges are not cognizable in a § 1983 action. *See Preiser*, 411 U.S. at 500. Instead, if "the relief [Siskos] seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus." *See id.*

### Eleventh Amendment Immunity

Finally, although it is unclear who Siskos properly named as defendants, the Florida AG, the State, and FDOC are all entities of the State of Florida. As such, they are immune from suit for money damages under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100. And while Siskos repeatedly alleges that he has stated independent violations of the Fourteenth Amendment such that his challenges under the ADA and RA are not barred, he has not alleged conduct that "*actually* violated the Fourteenth Amendment" because, as explained previously, he failed to state a viable claim under the Eighth Amendment. *See Georgia*, 546 U.S. at 157-59 (noting that the Fourteenth Amendment incorporates the Eighth Amendment against the states).

For all these reasons, the district court did not err by granting FDOC's second motion to dismiss and dismissing Siskos's third amended complaint for failure to state a viable claim. Accordingly, we affirm.

11

**AFFIRMED.**[3]

---

[3]     Siskos's motion for oral argument is DENIED.